# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-20067
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 27, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUAN GUTIERREZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:12-CR-261-3

Before WIENER, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Juan Gutierrez was convicted following a jury trial of conspiracy to possess with the intent to distribute 500 grams or more of methamphetamine and possession with the intent to distribute 500 grams or more of methamphetamine, aiding and abetting. He was sentenced to concurrent terms of 135 months of imprisonment, to be followed by a total of five years of supervised release. Gutierrez now appeals, challenging the sufficiency of the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

evidence to support his convictions. Regarding his conspiracy conviction, Gutierrez asserts that the evidence showed his role was limited to a March 6 meeting. He argues that his mere presence at that meeting, at which the narcotics deal was not finalized, does not show that he was part of the conspiracy. Gutierrez also challenges the sufficiency of the evidence to support his conviction for possession with the intent to distribute, aiding and abetting. He contends that he did not engage in affirmative conduct designed to aid the criminal venture and that he did not have the intent to commit the underlying offense.

Because Gutierrez moved for a judgment of acquittal at the close of the Government's case, we review de novo. *See United States v. Garcia-Gonzalez*, 714 F.3d 306, 313 (5th Cir. 2013). In reviewing a challenge to the sufficiency of the evidence, we must determine whether "after viewing the evidence and all reasonable inferences in the light most favorable to the [Government], *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Vargas-Ocampo*, 747 F.3d 299, 301 (5th Cir. 2014) (en banc) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)) (emphasis in original). In order to prove conspiracy to possess with the intent to distribute, the Government must establish beyond a reasonable doubt "(1) the existence of an agreement between two or more persons to violate narcotics laws, (2) the defendant's knowledge of the agreement, and (3) his voluntary participation in the conspiracy." *United States v. Patino-Prado*, 533 F.3d 304, 309 (5th Cir. 2008).

The evidence presented at trial regarding Gutierrez's participation in the conspiracy was not limited to his mere presence at the March 6 meeting. Gutierrez actively participated in the negotiations of the narcotics deal at that meeting. He provided his phone number as a contact for the transactions. His

brother-in-law testified that Gutierrez instructed him to give Gutierrez's phone number to the undercover officer for the purpose of arranging the initial meeting.  Phone records revealed numerous contacts between Gutierrez and the other conspirators throughout the existence of the conspiracy.  These facts provide sufficient evidence for a jury to rationally conclude that Gutierrez knowingly participated in the conspiracy.  *See Vargas-Ocampo*, 747 F.3d at 301.

To prove that a defendant aided and abetted the offense of possession with intent to distribute methamphetamine, "the Government must prove that the three elements of the substantive offense occurred and that the defendant associated with the criminal venture, purposefully participated in the criminal activity, and sought by his actions to make the venture succeed." *United States v. Jimenez*, 509 F.3d 682, 689 (5th Cir. 2007).  Gutierrez does not challenge whether the substantive offense occurred; his argument is limited to evidence of his association and participation in the underlying criminal activity.

The facts presented at trial show that Gutierrez participated in orchestrating the sale of two kilograms of methamphetamine to Officer Alfonso Alvarez.  Considering the evidence discussed above and all reasonable inferences in the light most favorable to the Government, a reasonable jury could rationally conclude that Gutierrez actively participated and associated with the venture and that he possessed the requisite criminal intent.  *See Jimenez,* 509 F.3d at 689.

The judgment of the district court is AFFIRMED.